UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MARK S. ARMSTRONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.: 1:15-CV-225-HSM-SKL |
| ) | |
| DOUG COOK, Warden, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION

Mark S. Armstrong ("Petitioner"), a pro se state prisoner, filed this petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging his 2004 Rutherford County, Tennessee conviction for aggravated rape—an offense for which he was sentenced to 20-years' imprisonment [Doc. 2 pp.1, 18]. Before the Court are Respondent Warden Doug Cook's Motion to Dismiss on the ground of timeliness and his supporting brief, as well as the contemporaneously-filed state court record [Docs. 9, 10, 11, and 11-1 through 11-21]. Petitioner has not responded to the Motion to Dismiss, and the time for doing so has now passed. *See* E.D. Tenn. L.R. 7.1(a). The lack of a response from Petitioner functions, not only as a waiver of opposition, but also as an independent basis for granting the motion. *See Notredan, LLC v. Old Republic Exch. Facilitator Co.,* 531 F. App'x 567, 569 (6th Cir. 2013); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought"). After reviewing the pleadings, the Motion to Dismiss, and the state court record, the Court finds that the Warden's Motion to Dismiss should be **GRANTED** and this petition **DISMISSED** as untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run on the date the judgment became final, which occurred, as relevant here, at the conclusion of direct review. *Id.* § 2244(d)(1)(A). The time is tolled, however, during the pendency of a properly filed application for state post-conviction relief. *Id*. § 2244(d)(2).

Petitioner was convicted on July 9, 2004 [Doc. 2 at 1]. Petitioner carried an appeal to the Tennessee Court of Criminal Appeals and, when unsuccessful there, he sought permission for further review from the Tennessee Supreme Court. *State v. Armstrong*, No. M2004-02432-CCA-R3-CD, 2005 WL 1769043 (Tenn. Crim. App. July 22, 2005), *perm. app. denied* (Tenn. 2005). Permission to appeal was denied on December 19, 2005, and ninety-one days later, on Monday, March 20, 2006,[1] when the time expired for filing a petition for certiorari in the U.S. Supreme Court, Petitioner's conviction became final and AEDPA's one-year clock started to tick. Thus, for purposes of § 2244(d)(1)(A), the time for filing this § 2254 petition would end one year afterward, i.e., on March 20, 2007.

As noted, the limitations statute is tolled while a properly filed state post-conviction is pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed an application for state post-conviction relief in the Rutherford County Circuit Court on June 28, 2006 [Doc. 11-14 pp. 3-56], after AEDPA's one-year clock had ticked for one-hundred (100) days. The post-conviction petition

---

[1] Though a certiorari petition must be filed in the Supreme Court within ninety days from the state supreme court's opinion, Petitioner had 91 days to submit his petition because the ninetieth day fell on Sunday, March 19, 2006. *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that, if the last day of the period is a Saturday, Sunday or a legal holiday, the period continues to run until the end of the next day that is not a legal holiday).

was denied by the trial court, and the Tennessee Court of Criminal Appeals affirmed the trial court's decision on June 25, 2008. *Armstrong v. State*, No. M2007-01614-CCA-R3-PC, 2008 WL 2521228 (Tenn. Crim. App. June 25, 2008), *perm. app. denied* (Tenn. 2008). The Tennessee Supreme Court declined Petitioner's request for further post-conviction appeal on December 8, 2008. *Id*. On December 9, 2008, the AEDPA's clock re-started, *see* Fed. R. Civ. P. 6(a)(1)(A), with 265 days left to run, i.e., up to and including August 31, 2009.

Petitioner argues that the statute was tolled by a motion to reopen his post-conviction petition that he filed in the Rutherford County Circuit Court on May 7, 2014 [Doc. 2 at 4, 18], though the state court record contains no such a filing. Even if Petitioner moved to reopen his post-conviction proceedings on May 7, 2014, the motion to reopen would not have stopped the clock from ticking. This is so because, by the time Petitioner filed the purported motion, the AEDPA's clock had already ceased ticking on his conviction and there was no time left to toll. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."); *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002). Therefore, any May 7, 2014 motion to reopen filed by Petitioner would have no effect on the tolling calculus.

Accordingly, the AEDPA's clock resumed ticking on December 9, 2008, continued to tick for 265 days, and stopped on Monday August 31, 2009. Petitioner filed this instant application for habeas corpus relief on August 25, 2015,[2] under the prison mailbox rule, *see*

---

[2] Petitioner certified, under penalty of perjury, that he was mailing his petition on August 26, *2014* [Doc. 2 at 28], but the postmark on the envelope containing the petition was August 25, 2015. In this instance, the Court deems the filing date to be the date of the postmark. Even if the

3

*Houston v. Lack*, 478 U.S. 266, 276 (1988); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). The filing date of the § 2254 petition was just shy of six years after the lapse of the AEDPA's statute of limitations.

To refute that his petition is time-barred, Petitioner invokes "the toll of the statute" [Doc. 1 at 19]. The one-year statute of limitations in AEDPA, is not jurisdictional and is subject to equitable tolling in an appropriate case. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). An appropriate case for equitable tolling in one where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

While Petitioner offers a mishmash of "tolling" theories, none of those theories has any relevance whatsoever to a tolling analysis. For example, Petitioner cites to the retroactivity rule in *Teague v. Lane*, 489 U.S. 288 (1989), that holds that new rules will not be applied in cases on collateral review. Petitioner then cites *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002), which discussed an exception to the retroactivity rule. Though Petitioner did not pinpoint the part of *Penry* upon which he is relying, the Court interprets his argument that the state court lacked the power to punish him as an assertion that his conduct was "beyond the State's power to punish at all."

The Tennessee legislature has enacted a law establishing an offense of aggravated rape, which is violated by "the unlawful sexual penetration of a victim by the defendant or the defendant by a victim [where] ... the defendant causes bodily injury to the victim...." *State v.*

---

Court used the 2014 date, as set forth in petition itself, in its calculation of the statutory period, the petition still would have been filed almost five years too late.

*Armstrong*, 2005 WL 1769043, at *11 (quoting Tenn. Code Ann. §§ 39-13-502(a)(2)). Petitioner stands convicted of violating the aggravated rape statute by a jury that determined that the prosecution had proven the violation of "the essential elements of the charged offense beyond a reasonable doubt." *Id.* at *12.

It is beyond cavil that Tennessee has jurisdiction to punish defendants for the violation of its own state criminal offenses. *See Mayor, Aldermen & Commonalty of City of N.Y. v. Miln*, 36 U.S. 102, 139–40 (1837) ("No one will deny, that a state has a right to punish any individual found within its jurisdiction, who shall have committed an offence within its jurisdiction, against its criminal laws. "); *see also State v. Rankin*, 44 Tenn. 145, 151 (1867) (explaining that Tennessee "may and has provided for the punishment of offenses against its own laws"). Petitioner's suggestion to the contrary is wholly frivolous. Since Petitioner shoulders the burden of showing that equitable tolling is warranted, *Pace*, 544 U.S. at 418, and because he has failed to carry his burden, the Court concludes that equitable tolling is not appropriate and that it cannot be invoked to save this untimely petition. The Court now finds that the petition is untimely and that Petitioner does not qualify for equitable tolling of his § 2254 limitations statute.

Finally, the Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling saves this otherwise untimely petition. Nor would reasonable jurists conclude that the timeliness or equitable-tolling issues "are adequate to deserve encouragement proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Therefore, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

Because this petition is untimely, respondent's dispositive motion will be **GRANTED** and this petition will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

　　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE